1  Scott P. Shaw, State Bar No. 223592
   sshaw@calljensen.com
2  Deborah A. Gubernick, Bar No. 242483
   dgubernick@calljensen.com
3  CALL & JENSEN
   A Professional Corporation
4  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
5  Tel:   (949) 717-3000
   Fax:  (949) 717-3100
6

7  Attorneys for Defendant HauteLook, Inc.

8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **CENTRAL DISTRICT OF CALIFORNIA**

12

13  INDUSTRY CONCEPT HOLDINGS,          Case No.  CV11 04444 CAS (JEMx)
    INC., a Colorado corporation and PRIMP,
14  INC, a Colorado corporation,        **DEFENDANT HAUTELOOK'S**
                                        **ANSWER TO PLAINTIFFS' FIRST**
15            Plaintiffs,               **AMENDED COMPLAINT**

16       vs.

17                                      **DEMAND FOR JURY TRIAL**
    ALAN ELGORT, an individual, GREG    **[Fed. R. Civ. P 38(b)]**
18  LORBER, an individual, LARRY
    MONTOYA, an individual, ANDREW
19  PAYNE, an individual, FANNY GARCIA,
    an individual, PACIFIC APPAREL, LLC, a
20  Nevada corporation, JULIE SAENZ, an
    individual, HAUTELOOK, a California
21  corporation, MARQUETTE
    COMMERCIAL FINANCE, a Texas
22  corporation, VL RAYMER, an individual,
    and JOHN DOES 1 through 10,
23
24            Defendants.
25
26                                      Complaint Filed:   May 24, 2011
                                        Trial Date:        None Set
27

28

**CALL & JENSEN**
A PROFESSIONAL CORPORATION

Defendant HauteLook, Inc. ("Defendant") hereby answers Plaintiffs Industry Concept Holdings Inc.'s and  Primp Inc.'s (collectively, "Plaintiffs") First Amended Complaint ("Complaint") as follows:

1.     In response to paragraph 1 of the Complaint, Defendant denies any and all liability.  Defendant admits that Plaintiffs purport to assert claims and damages under the Lanham Act, 15 U.S.C. §§ 1116(a) and 1121(a); 17 U.S.C. § 501; and 28 U.S.C. §§ 1331, 1338(a) and (b).  Defendant states that the statutes cited speak for themselves, and admits that Plaintiffs purport to assert that this Court has subject matter jurisdiction over these claims and supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. 1367(a). Defendant admits it does business in this judicial district.

2.     In response to paragraph 2 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

3.     In response to paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

4.     In response to paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

5.     In response to paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

6.     In response to paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

7. In response to paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

8. In response to paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

9. In response to paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

10. In response to paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

11. In response to paragraph 11 of the Complaint, Defendant admits that HauteLook is doing business in California, but otherwise Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

12. In response to paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

13. In response to paragraph 13 of the Complaint, Defendant denies any relation to any other named defendant, and is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

14. In response to paragraph 14 of the Complaint, Defendant admits that Plaintiffs purport to group a selection of defendants under a common designation, but is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies the allegations in that paragraph.

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

15.     In response to paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

16.     In response to paragraph 16 of the Complaint, Defendant admits that Exhibit 1 purports to be a copy of a certificate of trademark registration, Exhibit 2 purports to be a copy of an assignment of right, and Exhibit 3 also purports to be an assignment of right. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

17.     In response to paragraph 17 of the Complaint, Defendant admits that Exhibit 4 purports to be a copy of a trademark application. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

18.     In response to paragraph 18 of the Complaint, Defendant admits that Exhibit 5 purports to be a copy of a Certificate of Registration accompanied by photographs. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

19.     In response to paragraph 19 of the Complaint, Defendant admits that Exhibit 6 purports to show copies of photographs of exemplars of apparel. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

20.     In response to paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

21.     In response to paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

22.     In response to paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

23.     In response to paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24.     In response to paragraph 24 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

25.     In response to paragraph 25 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

26.     In response to paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

27.     In response to paragraph 27 of the Complaint, Defendant denies any and all liability, denies generally and specifically each and every allegation pertaining to HauteLook contained therein, and is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations.

28.     In response to paragraph 28 of the Complaint, Defendant admits that Exhibit 7 purports to be an Exemplar of Offending Goods, but denies any and all liability, denies generally and specifically each and every allegation pertaining to HauteLook contained therein, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

29.     In response to paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

CALL & JENSEN
A PROFESSIONAL CORPORATION

30.     In response to paragraph 30 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

31.     In response to paragraph 31 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

32.     In response to paragraph 32 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

33.     In response to paragraph 33 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

34.     In response to paragraph 34 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

35.     In response to paragraph 35 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

36.     In response to paragraph 36 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

37.     In response to paragraph 37 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

38.     In response to paragraph 38 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

39.     In response to paragraph 39 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-38.

40.     In response to paragraph 40 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

41.     In response to paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

42.     In response to paragraph 42 of the Complaint, Defendant denies the allegations contained therein.

43.     In response to paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44.     In response to paragraph 44 of the Complaint, Defendant denies the allegations contained therein.

45.     In response to paragraph 45 of the Complaint, Defendant denies the allegations contained therein.

46.     In response to paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

47.     In response to paragraph 47 of the Complaint, Defendant denies the allegations contained therein.

48.     In response to paragraph 48 of the Complaint, Defendant denies the allegations contained therein.

49.     In response to paragraph 49 of the Complaint, Defendant denies the allegations contained therein.

50.     In response to paragraph 50 of the Complaint, Defendant denies each and every allegation contained therein.

51.     In response to paragraph 51 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-50.

CALL & JENSEN
A PROFESSIONAL CORPORATION

52.   In response to paragraph 52 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

53.   In response to paragraph 53 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

54.   In response to paragraph 54 of the Complaint, Defendant denies the allegations contained therein.

55.   In response to paragraph 55 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

56.   In response to paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57.   In response to paragraph 57 of the Complaint, Defendant denies the allegations contained therein.

58.   In response to paragraph 58 of the Complaint, Defendant denies the allegations contained therein.

59.   In response to paragraph 59 of the Complaint, Defendant denies the allegations contained therein.

60.   In response to paragraph 60 of the Complaint, Defendant denies the allegations contained therein.

61.   In response to paragraph 61 of the Complaint, Defendant denies the allegations contained therein.

62.   In response to paragraph 62 of the Complaint, Defendant admits that Plaintiffs purport to assert a claim under Section 32 of the Lanham Act, 15 U.S.C. § 1114, but denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

CALL & JENSEN
A PROFESSIONAL CORPORATION

63.   In response to paragraph 63 of the Complaint, Defendant denies the allegations contained therein.

64.   In response to paragraph 64 of the Complaint, Defendant denies the allegations contained therein.

65.   In response to paragraph 65 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-64.

66.   In response to paragraph 66 of the Complaint, Defendant denies any allegations as to HauteLook contained therein.

67.   In response to paragraph 67 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

68.   In response to paragraph 68 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

69.   In response to paragraph 69 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

70.   In response to paragraph 70 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

71.   In response to paragraph 71 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

72.   In response to paragraph 72 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

73.    In response to paragraph 73 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

74.    In response to paragraph 74 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

75.    In response to paragraph 75 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-74.

76.    In response to paragraph 76 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

77.    In response to paragraph 77 of the Complaint, Defendant denies the allegations contained therein.

78.    In response to paragraph 78 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

79.    In response to paragraph 79 of the Complaint, Defendant denies each and every allegation contained therein.

80.    In response to paragraph 80 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

81.    In response to paragraph 81 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

82.    In response to paragraph 82 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

83.    In response to paragraph 83 of the Complaint, Defendant admits that Plaintiffs purport to assert a claim and seek damages under 15 U.S.C. § 1117, but denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

84.    In response to paragraph 84 of the Complaint, Defendant denies the allegations contained therein.

85.    In response to paragraph 85 of the Complaint, Defendant denies the allegations contained therein.

86.    In response to paragraph 86 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

87.    In response to paragraph 87 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-86.

88.    In response to paragraph 88 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

89.    In response to paragraph 89 of the Complaint, Defendant states that Plaintiffs state a legal conclusion to which no response is required.  If it is Plaintiffs' contention that they have made allegations as to Defendant in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

90.    In response to paragraph 90 of the Complaint, Defendant denies the allegations contained therein.

91.    In response to paragraph 91 of the Complaint, Defendant denies the allegations contained therein.

92.    In response to paragraph 92 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

CALL & JENSEN
A PROFESSIONAL CORPORATION

93.    In response to paragraph 93 of the Complaint, Defendant denies the allegations contained therein.

94.    In response to paragraph 94 of the Complaint, Defendant denies the allegations contained therein.

95.    In response to paragraph 95 of the Complaint, Defendant denies the allegations contained therein.

96.    In response to paragraph 96 of the Complaint, Defendant denies the allegations contained therein.

97.    In response to paragraph 97 of the Complaint, Defendant denies the allegations contained therein.

98.    In response to paragraph 98 of the Complaint, Defendant denies the allegations contained therein.

99.    In response to paragraph 99 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-98.

100.   In response to paragraph 100 of the Complaint, Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

101.   In response to paragraph 101 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

102.   In response to paragraph 102 of the Complaint, Defendant denies the allegations contained therein.

103.   In response to paragraph 103 of the Complaint, Defendant denies any and all liability, and denies generally and specifically each and every allegation pertaining to HauteLook contained therein.

104.   In response to paragraph 104 of the Complaint, Defendant denies the allegations contained therein.

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

105.  In response to paragraph 105 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-104.

106.  In response to paragraph 106 of the Complaint, Defendant states that Plaintiffs state a legal conclusion to which no response is required.  If it is Plaintiffs' contention that they have made allegations as to Defendant in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

107.  In response to paragraph 107 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

108.  In response to paragraph 108 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

109.  In response to paragraph 109 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

110.  In response to paragraph 110 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

111.  In response to paragraph 111 of the Complaint, Defendant denies the allegations contained therein.

112.  In response to paragraph 112 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-111.

113.  In response to paragraph 113 of the Complaint, Defendant admits that Plaintiffs purport to assert that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(b), but is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

CALL & JENSEN
A PROFESSIONAL CORPORATION

114. In response to paragraph 114 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

115. In response to paragraph 115 of the Complaint, Defendant denies the allegations contained therein.

116. In response to paragraph 116 of the Complaint, Defendant denies the allegations contained therein.

117. In response to paragraph 117 of the Complaint, Defendant denies the allegations contained therein.

118. In response to paragraph 118 of the Complaint, Defendant denies the allegations contained therein.

119. In response to paragraph 119 of the Complaint, Defendant denies the allegations contained therein.

120. In response to paragraph 120 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-119.

121. In response to paragraph 121 of the Complaint, Defendant admits that Plaintiffs purport to assert a claim under California Business and Professions Code §§ 17200 et seq. and state common law, but is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

122. In response to paragraph 122 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies these allegations.

123. In response to paragraph 123 of the Complaint, Defendant denies the allegations contained therein.

124. In response to paragraph 124 of the Complaint, Defendant denies the allegations contained therein.

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

125.   In response to paragraph 125 of the Complaint, Defendant denies the allegations contained therein.

126.   In response to paragraph 126 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-125.

127.   In response to paragraph 127 of the Complaint, Defendant admits that Plaintiffs purport to assert a claim under California state common law, but is otherwise without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies these allegations.

128.   In response to paragraph 128 of the Complaint, Defendant denies the allegations contained therein.

129.   In response to paragraph 129 of the Complaint, Defendant denies the allegations contained therein.

130.   In response to paragraph 130 of the Complaint, Defendant denies the allegations contained therein.

131.   In response to paragraph 131 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-130.

132.   In response to paragraph 132 of the Complaint, this paragraph is inapplicable to Defendant.  To the extent any allegations are purported to be against Defendant, they are denied.

133.   In response to paragraph 133 of the Complaint, this paragraph is inapplicable to Defendant.  To the extent any allegations are purported to be against Defendant, they are denied.

134.   In response to paragraph 134 of the Complaint, this paragraph is inapplicable to Defendant.  To the extent any allegations are purported to be against Defendant, they are denied.

135.   In response to paragraph 135 of the Complaint, this paragraph is inapplicable to Defendant.  To the extent any allegations are purported to be against Defendant, they are denied.

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

136.   In response to paragraph 136 of the Complaint, Defendant denies any and all liability, and reincorporates its responses asserted in paragraphs 1-135.

137.   In response to paragraph 137 of the Complaint, Defendant admits that the statutes cited therein speak for themselves.  Defendant denies any allegations contained therein.

138.   In response to paragraph 138 of the Complaint, Defendant denies the allegations contained therein.

139.   In response to paragraph 139 of the Complaint, Defendant denies the allegations contained therein.

140.   In response to paragraph 140 of the Complaint, Defendant denies the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE
### (Remote, Speculative, and Contingent Damages)

141.   Plaintiffs' claimed damages may not be recovered as they are remote, speculative, and contingent.

## SECOND AFFIRMATIVE DEFENSE
### (No Enforceable Trademark)

142.   Plaintiffs' claims are barred by the fact that the trademarks referenced in the Complaint are not valid and enforceable and are not entitled to trademark protection.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

143.   Plaintiffs' claims are barred by the fact that the Plaintiffs were not the exclusive owners of the trademarks referenced in the Complaint and thus lack standing to sue.

/ / /

/ / /

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

144.    Defendant's actions respecting the subject matters alleged in the claims, and each of them, were undertaken in good faith with the absence of malicious intent to injure Plaintiffs and constitute lawful, proper, and justified means to further Defendant's sole purpose of engaging in and continuing their business.   By reason thereof, Plaintiffs are barred, in whole or in part, from recovery on the alleged claims in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Non-willful Conduct)

145.    Any an all acts alleged to have been committed by Defendant were performed with lack of knowledge and a lack of willful intent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

146.    Plaintiffs' alleged claims are barred in whole or in part because, as a result of their own acts and omissions, Plaintiffs are estopped from obtaining the relief sought in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

147.    Plaintiffs' alleged claims are barred in whole or in part because, as a result of their acts and omissions, Plaintiffs have waived any right to recover the relief sought in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

148.    Plaintiffs' alleged claims are barred in whole or in part by the doctrine of laches for Plaintiffs' delay in notifying Defendant of their claims and in bringing this action.

CALL & JENSEN
A PROFESSIONAL CORPORATION

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence and Consent)

149.     Plaintiffs' alleged claims are barred in whole or in part because Plaintiffs have actively misled Defendant into believing that Plaintiffs have consented to Defendant's use of the alleged design at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

150.     The Complaint, and each and every claim for relief therein, fails to state a claim against Defendant upon which relief can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

151.     Plaintiffs' claims are barred under the equitable doctrine of unclean hands and for reasons of public policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fraud)

152.     Plaintiffs' alleged claims are barred, in whole or in part, by Plaintiffs' fraud.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

153.     Defendant asserts that any purported damages sought by the Plaintiffs in the form of Defendant's profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged infringement.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Mitigation)

154.     Plaintiffs' claims are barred by its failure to mitigate damages.

/ / /

/ / /

/ / /

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Invalid Trademark Registration)

155.     The Complaint, and each and every claim for relief therein, is barred by because the United States Patent and Trademark Office has not properly registered Plaintiffs' alleged registered trademark.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Abuse of Process)

156.     Upon information and belief, Plaintiffs' claims are barred because of its anti-competitive intent and conduct, its misuse of trademarks law, and its abuse of the judicial process.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Express/Implied Non-Exclusive License)

157.     Upon information and belief, Plaintiffs' claims are barred because Plaintiffs granted an express or implied non-exclusive license and intended that Defendant HauteLook would distribute goods bearing the allegedly infringing trademark.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

158.     The Complaint and each and every claim for relief therein, is barred by the applicable statute of limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation)

159.   Defendant reserves the right to assert additional defenses as they become known.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by reason of its Complaint in this matter;

2.     That judgment be rendered in favor of Defendant and that the Complaint be dismissed with prejudice;

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

1       3.    That Defendants be awarded their costs of suit in this matter, including

2   reasonable attorneys' fees; and

3       4.    For such other and further relief as the Court deems just and proper.

Dated:  July 22, 2011             CALL & JENSEN
                                A Professional Corporation
                                Scott P. Shaw
                                Deborah A. Gubernick


By: */s/ Scott P. Shaw*
            Scott P. Shaw

Attorneys for Defendant HauteLook

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

CALL & JENSEN
A PROFESSIONAL CORPORATION

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated:  July 22, 2011

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Deborah A. Gubernick


By: */s/ Scott P. Shaw*
     Scott P. Shaw

Attorneys for Defendant HauteLook, Inc.

- 21 -

DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE
### (United States District Court)

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On July 22, 2011, I have served the following documents described as: **DEFENDANT HAUTELOOK'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the following person(s) in the manner(s) indicated below:

### SEE ATTACHED SERVICE LIST

**[ X ]** (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[ X ]** (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

**[   ]** (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on July 22, 2011, at Newport Beach, California.

*/s/ Scott P. Shaw*
Scott P. Shaw

# SERVICE LIST

Wendy C. Freedman
Clare Paulin LLP
9663 Santa Monica Blvd
Suite 368
Beverly Hills, CA 90210
Tel.: (310) 777-7590;
Fax: (310) 777-8831
wendyfreedman@ca.rr.com

**Attorneys for Plaintiffs**

**(Not enrolled in ECF system; serve by mail and/or e-mail)**

Steven Kurtz
Anne C. Manalili
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA  91403
Tel.: (818) 382-3434
Fax: (818) 382-3433
skurtz@laklawyers.com
amanalili@laklawyers.com

**Attorneys for Defendant Marquette Commercial Finance**

Joseph M. Hoats, Esq.
Law Offices of Joseph M. Hoats
12672 Limonite Avenue, No. 3E#345
Corona, CA 92880
Tel.: (310) 920-5806
Fax: (626) 529-0834
josephhoats@hotmail.com

**For Defendants and Counter-Claimants Pacific Apparel, LLC, Greg Lorber, Alan Elgort, Larry Montoya, Andrea Payne (erroneously sued as "Andrew Payne"), Fanny Garcia, and Julie Saenz**

Gary J. Gorham
Leader Gorham LLP
1990 S. Bundy Dr, Suite 390
Los Angeles, CA 90025
Tel: (310) 696-3300
Fax: (310) 696-3305
Ggorham@lglaw.la
jleader@lglaw.la

**Local Counsel for Defendant VL Raymer**

Karen J. Bernstein
Law Offices of Karen J. Bernstein, LLC
100 Park Avenue, Suite 1600
New York, NY 10017
Tel.: (212) 339-9955
Fax: (212) 339-0046
kjb@karenbernsteinlaw.com

**Attorney (*Pro Hac Vice*) for Defendant VL Raymer**