1  **WENDY CLARE FREEDMAN (CA BAR NO. 192763)**
   E-mail: wendyfreedman@ca.rr.com
2  CLARE PAULIN LLP
3  9663 Santa Monica Blvd., Suite 368
   Beverly Hills, California 90210
4  Telephone: (310) 777-7590
   Facsimile: (310) 777-8831
5
   Attorneys for Plaintiffs
6  Industry Concept Holdings, Inc. a Colorado
   corporation and Primp, Inc., a Colorado
7  corporation

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                          WESTERN DIVISION
11

| | |
|---|---|
| INDUSTRY CONCEPT HOLDINGS, INC, a Colorado corporation and PRIMP, INC., a Colorado corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN ELGORT, an individual, GREG LORBER, an individual, LARRY MONTOYA, an individual, ANDREA PAYNE, an individual, FANNY GARCIA, an individual, PACIFIC APPAREL, LLC, a Nevada corporation, JULIE SANZE, an individual, HAUTELOOK, a California corporation, MARQUETTE COMMERCIAL FINANCE, a Texas corporation, VL RAYMER, an individual, and JOHN DOES 1 through 10,<br><br>Defendants. | Case No.: CV 11-4444 CAS (JEMx)<br><br>**The Honorable Christina A. Snyder,**<br><br>**EX PARTE APPLICATION TO WITHDRAW AS COUNSEL OF RECORD WITH SUBSTITUTION OF COUNSEL BY HALLSTROM, KLEIN & WARD** |

EX PARTE APPLICATION TO WITHDRAW AS COUNSEL

Pursuant to L.R. 83-2.9.2.1 of the Local Rules of the United States District Court for the District of California, the undersigned attorney Wendy Freedman, currently listed as counsel of record for Industry Concept Holdings, Inc. and Primp Inc. respectfully moves for an order to withdraw as counsel for Plaintiffs and Counter-Defendants Industry Concept Holdings, Inc. and Primp Inc. in this case for the following reason(s): an ethical conflict exists, which bars further representation of Primp, Inc. and Industry Concept Holdings, Inc. Furthermore, Plaintiffs Primp Inc. and Industry Concept Holdings Inc. have retained new counsel, Hallstrom, Klein & Ward who will file a formal substitution forthwith.

On or about April 2011, Wendy Freedman assumed the representation of Wells Butler, President of Primp Inc. and Secretary of Industry Concept Holdings Inc. and signed a retainer agreement with Wells Butler, President of Primp Inc. On 7/19/11, my client Wells Butler resigned as President and Secretary of Primp Inc. and as Secretary and board member of Industry Concept Holdings, Inc. (*See* correspondence, dated July 19, 2011, attached as Exh. A). Thereafter, Counsel became aware that a conflict exists between my client, Wells Butler, a former officer and director of Primp LLC, Primp Inc. and Industry Concept Holdings Inc. and plaintiffs/counter-defendants Primp Inc. and Industry Concept Holdings, Inc. Counsel had come to realize that the interests of Ms. Butler are directly adverse to the interests of Primp Inc. and Industry Concept Holdings Inc. and that any further representation of plaintiffs would be materially limited by the continuing responsibility owed by this Office to Ms. Butler. The conflict persists by virtue of counsel's duties under Rule 3-310 of the California Rules of Professional Conduct, including the duty to disclose to Primp Inc. and Industry Concept Holdings Inc. the fact and implications of the other representation, under circumstances where such disclosure would likely harm the interests of the other client and violate a continuing duty owed to the other client.

Counsel is of the view that continuing to represent Primp Inc. and Industry Concept Holdings Inc. would impose a duty of disclosure which would be barred by

counsel's continuing duty to the other client. Counsel has been retained solely by Wells Butler in her corporate fiduciary role and substantial time and effort has already been expended protecting her interests in this matter.

Primp Inc. and Industry Concept Holdings desire to substitute new counsel, Grant Hallstrom at Hallstrom Klein & Ward LLP.

For reasons that are most appropriately characterized as "Irreconcilable Differences," Counsel must respectfully–and urgently–ask this Court to allow her to withdraw from the case and to terminate this representation. Counsel does not make this request lightly; indeed, it comes only after studied consideration of various circumstances and after taking "reasonable steps to avoid reasonable foreseeable prejudice to the right of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with CRPC 3-700(D), and complying with applicable laws and rules."

Counsel is (obviously) mindful of the posture of the case but events and circumstances are such that Industry Concept Holding's and Primp Inc.'s need to enjoy conflict-free representation must–and does–take priority over any other consideration.

**IV. CONCLUSION**

FOR THESE REASONS, Wendy Freedman respectfully asks this Court to grant this application and to allow Wendy Freedman and her former firm Clare Paulin LLP to withdraw from all further representation.  In light of the foregoing, Counsel believes that an ethical conflict of interest has been demonstrated.

Dated:  August 3, 2011

_____/s/ Wendy Freedman_____
Wendy C. Freedman